The Full Commission finds good ground to reconsider the Order of Dismissal with Prejudice and has determined, under the unique circumstances of this case, that the Order should be vacated.
The record reveals the following: On 26 November 1994, plaintiff sustained an admittedly compensable injury to his back. He reached maximum medical improvement on 18 July 1995 and was assigned a ten percent permanent disability rating. Plaintiff's treating physician, Dr. Wilfong, recommended a medical treatment plan. On 10 January 1998, plaintiff was ordered to cooperate with the treatment plan. On 12 February 1998, defendant filed a Form 24 Application to Terminate or Suspend Payment of Compensation, alleging that plaintiff failed to cooperate with vocational rehabilitation. Plaintiff responded by providing documentation tending to show that he has a mental condition which arguably renders him incapable of willfully refusing to cooperate. Thus, on 15 April 1998 Special Deputy Commissioner Gina E. Cammarano ordered that the issue raised in the Form 24 must be decided in a formal hearing.
Defendant arranged for an independent psychological evaluation by Dr. Schmickley, which plaintiff failed to attend. Defendant then filed a Motion to Compel Medical Examination. On 6 August 1998, Deputy Commissioner John A. Hedrick filed an Order directing plaintiff to undergo the psychological evaluation with Dr. Schmickley. Plaintiff failed to comply. On 28 September 1998, Deputy Commissioner Hedrick filed an Order granting defendant's motion to suspend payment of plaintiff's temporary total disability compensation beginning 21 September 1998 and continuing until plaintiff complied with the Commission's Order directing plaintiff to undergo the independent psychological evaluation. Plaintiff's claim was removed from the hearing docket by Order filed 28 September 1998. On 3 November 1998, Deputy Commissioner Hedrick filed an Order of Dismissal With Prejudice, dismissing plaintiff's claim for failure to prosecute.
 ***********
At the relevant time herein, Industrial Commission Rule 613(3) provided, in part, that when a plaintiff has not requested a hearing within a year of the filing of an Order of Removal necessitated by plaintiff's conduct, and has not pursued the claim, the opposing party, may move the Industrial Commission to dismiss with prejudice for failure to prosecute. Deputy Commissioner Hedrick clearly applied this rule in dismissing plaintiff's claim, as plaintiff's failure to comply with Commission Orders continued for more than a year after the Order of removal was filed.
Although plaintiff has made no showing that cooperation with vocational or medical evaluation is forthcoming, plaintiff's conduct is likely related to significant psychiatric problems and thus does not constitute failure to prosecute his claim. Accordingly, the Order of Dismissal with Prejudice filed 3 November 1998 is hereby VACATED and the following is hereby ORDERED:
1. The suspension of payment of temporary total disability compensation beginning 21 September 1998 remains in effect.
2. Defendant shall reinstate payment of temporary total disability compensation at such time as plaintiff complies with Order of the Commission directing him to undergo an independent psychological evaluation by Dr. Schmickley. Plaintiff may comply with said Order by scheduling, attending, and fully cooperating with an evaluation by Dr. Schmickley.
3. If plaintiff complies with the Order by Deputy Commissioner Hedrick filed on 6 August 1998, this case will return to the hearing docket for hearing on defendant's application to suspend payment of compensation.
This case remains removed from the hearing docket.
 S/______________ RENE C. RIGGSBEE COMMISSIONER
CONCURRING:
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER
 S/_______________ LAURA K. MAVRETIC COMMISSIONER